UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

TIMOTHY WAYNE CALHOUN                    CIVIL ACTION NO. 21-1744

                                         SECTION P
VS.
                                         JUDGE TERRY A. DOUGHTY

DARREL VANNOY                            MAG. JUDGE KAYLA D. MCCLUSKY

## REPORT AND RECOMMENDATION

Petitioner Timothy Wayne Calhoun, a prisoner in the custody of Louisiana's Department

of Corrections proceeding pro se, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. §

2254 on June 3, 2021.  Petitioner attacks his convictions for aggravated rape, sexual battery,

indecent behavior with a juvenile, cruelty to a juvenile, and molestation of a juvenile, as well as

the life and thirty-year sentences imposed by the Fourth Judicial District Court, Parish of

Ouachita.[1]  For the following reasons, the undersigned recommends that the Court deny this

Petition as untimely.

## Background

A jury found Petitioner guilty of aggravated rape, sexual battery, indecent behavior with

a juvenile, cruelty to a juvenile, and molestation of a juvenile.  [doc. # 1, p. 1].  On April 26,

2016, the trial judge sentenced Petitioner to "life [without] benefits (2), and thirty (30) years."

*Id.*

Petitioner appealed, and on April 5, 2017, the Court of Appeal of Louisiana, Second

Circuit, affirmed Petitioner's convictions and, with the exception of amending Petitioner's

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636 and the standing orders of the Court.

sentence on one count to reflect "that it must be served at hard labor," affirmed Petitioner's sentences. *State v. Calhoun*, 51,218 (La. App. 2 Cir. 4/5/17), *writ denied,* 2017-1029 (La. 3/9/18). On March 9, 2018, the Supreme Court of Louisiana denied Petitioner's Application for Writ of Certiorari and/or Review. *State v. Calhoun*, 238 So. 3d 453, 2017-1029 (La. 3/9/18). Petitioner did not apply for certiorari before the United States Supreme Court. [doc. # 1, p. 2].

On May 6, 2019, Petitioner applied for post-conviction relief. [doc. # 1-4, p. 34]. On August 2, 2019, the trial court denied Petitioner's application. *Id.* at 60. On October 10, 2019, the Second Circuit Court of Appeal granted Petitioner's application in part and remanded "the matter to the trial court for purposes of addressing" one claim—i.e., that Petitioner's attorney "was ineffective in failing to file a motion to quash on grounds that the time limits for the institution of prosecution had expired"—because the trial court did not "mention or address" the claim. *Id.* at 156. The appellate court denied the application "[i]n all other respects." *Id.*

The Supreme Court of Louisiana denied Petitioner's writ application on March 16, 2021. [doc. # 1-5, p. 81]. The court opined: "Applicant has now fully litigated his application for post-conviction relief in state court. . . . Applicant's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, applicant has exhausted his right to state collateral review." *Id.*

## Law and Analysis

Title 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, with respect to subsection "C" above, Petitioner's claims do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  With respect to subsection "D," Petitioner does not contend that "the factual predicate of the claim or claims presented" were "discovered through the exercise of due diligence" after the date on which his judgment became final.  Petitioner does not mention subsection "B" or otherwise argue that he was impeded from filing this Petition.[2]

Consequently, the one-year period of limitation "runs" from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  28 U.S.C. § 2244(d)(1)(A).

On March 9, 2018, the Supreme Court of Louisiana denied Petitioner's Application for Writ of Certiorari and/or Review.  *Calhoun*, 238 So. 3d at 453.  Under United States Supreme Court Rule 13, "a petition for a writ of certiorari to review a judgment in any case, civil or

---

[2] *See Hebrard v. Day*, 232 F.3d 208 (5th Cir. 2000) ("Hebrard does not argue that a state impediment prevented him from timely filing a § 2254 petition."); *Hatcher v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008) (finding that, because the petitioner "did not allege that the state habeas court created an 'unconstitutional' impediment that prevented him from timely filing his federal habeas application[,] . . . the statutory exception in § 2244(d)(1)(B) [did] not apply.").

criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this

Court within 90 days after entry of the judgment."  Here, Petitioner did not apply for certiorari

before the United States Supreme Court.  [doc. # 1, p. 2].  Thus, the trial court's judgment

became final on June 7, 2018, ninety days after the Supreme Court of Louisiana denied

Petitioner's application.

Because Petitioner's conviction became final on June 7, 2018, Petitioner had one year, or

until June 7, 2019, to file a federal habeas corpus petition.  Petitioner did not file the instant

Petition until, at the earliest, June 3, 2021.  [doc. #s 1, p. 14; 1-2, p. 1].  Thus, the one-year

limitation period bars Petitioner's claims unless Petitioner extended the June 7, 2019 deadline

through statutory or equitable tolling.

## I. Statutory Tolling

The statutory tolling provision in 28 U.S.C. § 2244(d)(2)  provides, "[t]he time during

which a properly filed application for State post-conviction or other collateral review . . . is

pending shall not be counted toward any period of limitation . . . ."  However, any lapse of time

before the proper filing of an application for post-conviction relief in state court is counted

against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir.

1998), and the limitations period is tolled only for as long as the state application remains

pending.  *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Here, Petitioner applied for post-conviction relief on May 6, 2019.  [doc. # 1-4, p. 34].[3]

Thus, 333 days elapsed from when Petitioner's conviction became final on June 7, 2018, to when

Petitioner filed his application for post-conviction relief before the state trial court on May 6,

---

[3] A Louisiana prisoner's post-conviction application is deemed "filed" when she delivers the
application to the prison authorities for forwarding to the court–i.e. when she places it in the
prison mail system.  *Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006).

2019.

The Supreme Court of Louisiana denied Petitioner's writ application on March 16, 2021.

[doc. # 1-5, p. 81].  Petitioner does not allege or suggest that he had any other post-conviction

proceedings pending beyond March 16, 2021.

Petitioner thus had 32 days (365-333) following the Supreme Court of Louisiana's denial

on March 16, 2021, to file a federal habeas corpus application before the 1-year period of

limitation expired.  Otherwise stated, Petitioner had until April 17, 2021, (thirty-two days after

March 16, 2021) to file here.  However, April 17, 2021, was a Saturday, so Petitioner had until

April 19, 2021, to file here.[4]  Petitioner, however, allowed 79 days to elapse following the

Supreme Court of Louisiana's denial on March 16, 2021, before he filed this Petition at the

earliest on June 3, 2021.

Accordingly, this Petition is untimely and should be dismissed absent rare and

exceptional circumstances or a credible showing of actual innocence.

## II. Equitable Tolling

The one-year statute of limitations can be equitably tolled in rare and exceptional

circumstances.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable

tolling applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights." *U.S. v. Wheaten*,

826 F.3d 843, 851 (5th Cir. 2016).  "A petitioner's failure to satisfy the statute of limitations

must result from external factors beyond his control; delays of the petitioner's own making do

---

[4] *See* FED. R. CIV. P. 6(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Petitioner does not ask the Court to equitably toll the one-year period of limitation, and nothing of record supports equitable tolling. He does not allege or suggest that the State actively misled him or prevented him in some extraordinary way from asserting his rights. Accordingly, this Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A), unless Petitioner demonstrates a fundamental miscarriage of justice.

## III. Actual Innocence

The fundamental miscarriage of justice exception provides that, "in the 'extraordinary case', in which a prisoner asserts a 'credible showing of actual innocence,' he may overcome the time-bar, and have his claims considered on the merits." *Floyd v. Vannoy*, 894 F.3d 143, 154 (5th Cir. 2018) (*quoting McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013)) (some internal quotation marks and other quoted sources omitted).

"To be credible, [an actual innocence] claim requires [the applicant] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Evidence does not qualify as 'new' . . . if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)). Likewise, "Evidence that was available to be presented to the jury at the time of trial is not now 'new' evidence, even if it was not actually

presented to the jury." *Shank v. Vannoy*, 2017 WL 6029846, at \*2 (5th Cir. Oct. 26, 2017).

"Tenable actual innocence claims are rare because the applicant must show 'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Davis*, 768 F. App'x at 265 (quoting *Perkins*, 569 U.S. at 386). "[A] successful actual-innocence claim provides a 'gateway' for the petitioner to proceed on the merits." *Id.* (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

Here, Petitioner does not claim actual innocence. Nor does he present any evidence—much less newly-discovered evidence of actual innocence. Petitioner does not establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, Petitioner's claims remain barred by the statute of limitations.

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that Petitioner Timothy Wayne Calhoun's Petition for Writ of Habeas Corpus, [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

**By this Report and Recommendation, the Court notifies Petitioner that his claims are subject to dismissal as untimely under the one-year period of limitation and that the undersigned is recommending dismissal without ordering Respondents to answer. Petitioner may raise any arguments, or present any evidence, against dismissal during the fourteen-day objection period described below.[5]**

---

[5] *See Lewis v. Cockrell*, 33 F. App'x 704 (5th Cir. 2002) ("When a federal district court applies

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  *See* 28 U.S.C. § 2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge**

---

the limitations period *sua sponte,* it should consider whether the habeas petitioner has been given notice of the issue, whether the petitioner has had a reasonable opportunity to argue against dismissal, and whether the state has intentionally waived the defense.").

**at the time of filing.**

In Chambers, Monroe, Louisiana, this 21st day of September, 2021.

                    _____

                    Kayla Dye McClusky
                    United States Magistrate Judge